UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALEXIS WILKINS, | |
| Plaintiff, | |
| v. | Case No.: 1:25-cv-1375 |
| KYLE M. SERAPHIN | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

1.    Defendant Kyle M. Seraphin has maliciously lied about Alexis Wilkins, falsely asserting that she—an American-born country singer—is an agent of a foreign government, assigned to manipulate and compromise the Director of the FBI. Defendant, a former FBI special agent himself, who now makes a living as a podcaster and political commentator—profiting on controversy and outrage—is using this fabricated story as self-enriching clickbait and has spread it to his sizable audience that follows his daily broadcasts on X, Rumble, and YouTube. Accordingly, Ms. Wilkins seeks to hold Defendant accountable for his malicious and knowing lies.

## PARTIES

2.    Plaintiff Alexis Wilkins is a resident and citizen of the United States and the State of Tennessee.

3.    Defendant Kyle Seraphin is an individual who is a resident and citizen of the State of Texas.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

5.    Defendant is subject to personal jurisdiction in Texas because he is a Texas resident.

6.    Venue for this action is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL BACKGROUND

7.    Ms. Wilkins is an American, born in the United States. She is a patriotic, conservative, Christian, country music artist and published writer, who also works for a conservative advocacy and educational company, PragerU. She is in a long-term relationship with Kashyap "Kash" Patel, which began in January 2023. This was widely known, and Ms. Wilkins has posted photos of herself with Dir. Patel on X as early as September 2024. On November 30, 2024, newly re-elected President Donald J. Trump announced his intention to nominate Kash Patel as the next Director of the Federal Bureau of Investigation ("FBI"). On February 20, 2025, the U.S. Senate confirmed Dir. Patel to that position.

8.    Defendant was formerly an FBI special agent in the Counterterrorism Division. He is now a self-described "Podcaster," "Whistleblower," and "Recovering FBI agent," who trades on his insider knowledge of the FBI and his experience in law enforcement. He hosts the *Kyle Seraphin Show*, which he livestreams on YouTube,

Rumble, and his own website. Defendant has over 217,800 followers on X, where his posts frequently reach tens of thousands of views and numerous re-posts.

9.    Defendant receives income through sponsorships for his videos, paid membership through YouTube, and soliciting donations via YouTube "Super Thanks" contributions.

10.    On August 22, 2025, Defendant stated the following on the *Kyle Seraphin Show*:

> [FBI Director Kash Patel] has had his own little '***honeypot***' issue that's been going on of late, so we're just going to acknowledge it ***real publicly***. He's got a girlfriend that is half his age, who is apparently is both a country music singer, a political commentator on Rumble, a friend of John Rich through Bongino, who also now owns a big chunk of Rumble, and ***she's also a former Mossad agent in what is like the equivalent of their NSA***. But I'm sure that's totally because, like, she's really looking for like a cross-eyed, you know, kind of thickish built, super cool bro who's almost 50 years old who's Indian in America. Like it has nothing to do with the fact that uh we're really close to the Trump administration. Anyway, I'm sure that's totally just like love. That's what real love looks like.

(emphasis added).

11.    Although Defendant does not identify Ms. Wilkins by name, his statement is obviously about her specifically. It is public knowledge that Ms. Wilkins and Dir. Patel are in a long-term relationship and have been since January 2023. Defendant was well aware of this fact, and his reference to Dir. Patel's "girlfriend," who is a "country music singer," is an unambiguous reference to Ms. Wilkins.

12.    It is also unambiguous in the context of this statement that Defendant is accusing Ms. Wilkins of being a "former Mossad agent" for the Israeli "equivalent" of the NSA, and a "honeypot" (*i.e.*, an agent of a foreign government who began a

relationship with another for purposes of manipulating and compromising them). He is accusing Ms. Wilkins of being a spy for a foreign government, conducting espionage to undermine our national security and/or to manipulate federal law enforcement at the highest level, and even committing treason. These accusations are all categorically false, and Defendant knows it.

13.     Defendant cannot claim that this is mere rhetorical hyperbole, as he actively trades on his experience as a counterterrorism law enforcement officer, a former special agent of the FBI, and a teller of "uncomfortable truth." The introduction to the podcast at issue begins with a voiceover that says, "this program has no time for comforting lies." A reasonable viewer of Defendant's program would view his accusation as sincere and not exaggeration.

14.     Defendant cannot even claim ignorance or negligence, because he has personally *met* Ms. Wilkins *with* Mr. Patel at a conservative political event roughly two years ago, and was specifically aware from that encounter that Ms. Wilkins was in a relationship with Mr. Patel, who was *not* the FBI director at that time. Ms. Wilkins is not even Jewish, much less Israeli, and has never set foot in Israel. She is not now and never has been an agent for any intelligence agency. The notion that her relationship with Dir. Patel is part of some plot against her country is vile and ridiculous, and Defendant knows this.

15.     Defendant knowingly, or with reckless disregard for the truth, fabricated this accusation at the expense of Ms. Wilkins to obtain personal profit,

generating outrage to drive up his viewership. Defendant's malicious intent to smear Ms. Wilkins is further emphasized by his desire to spread this lie "real publicly."

## CAUSES OF ACTION

### COUNT I
### Defamation and Defamation Per Se

16.    Plaintiff incorporates by reference the above paragraphs as though set forth fully herein.

17.    On August 22, 2025, Defendant defamed Ms. Wilkins, claiming that she is a "former Mossad agent" for the Israeli equivalent of the NSA and a "honeypot."

18.    To be a "honeypot" means to be an agent of a foreign government who began a relationship with someone in another governmental capacity for purposes of compromising them.

19.    In this case, Defendant asserts or implies that Ms. Wilkins is an agent of a foreign government, assigned to gather information on or manipulate the top federal law enforcement officer in the United States.

20.    This insidious claim is categorically false, and is so obviously damaging to her reputation that damages are presumed. Ms. Wilkins depends on her reputation as a patriotic American in her profession, both as a country music artist, and working for PragerU.

21.    Defendant published his defamatory statements across numerous online outlets, knowing that they were false, with reckless disregard for the truth, or at best negligently. There is absolutely no reason—outside Defendant's desire to stir up controversy and generate income for himself—to accuse Ms. Wilkins, an American-

born country singer, of being a foreign agent engaged in espionage. Defendant entirely fabricated the story to generate video engagement revenue and to indulge in his obvious animus against Dir. Patel and against Ms. Wilkins for being in a relationship with Dir. Patel. Defendant projects his animus for Dir. Patel onto Ms. Wilkins because of her relationship with Dir. Patel, making the bigoted suggestion that Ms. Wilkins would not engage in her interracial relationship with "a cross-eyed . . . kind of thickish built super cool bro who's almost 50 years old . . . Indian in America" like Dir. Patel, if not for the ulterior motive of being a "honeypot" for Israel.

22.    A reasonable person would understand that Defendant's statements are not mere hyperbole, particularly coming from a former FBI special agent in the Counterterrorism Division, whose entire persona revolves around being a "whistleblower" and teller of "uncomfortable truth[s]," with no time for "comforting lies."

23.    At no point has Defendant reached out to Ms. Wilkins. She has publicly stated prior to Defendant's statements that the allegations regarding her affiliation with Israel are false. Defendant has even met Ms. Wilkins and knows fully well that she is American and not Israeli, much less a Mossad agent. And he knows for a fact that Ms. Wilkins's relationship with Dir. Patel began *long before* he became the Director of the FBI. Minimally, Defendant has acted negligently; however, his obvious animus toward Ms. Wilkins, combined with the inherently ludicrous nature of his assertions, is ample evidence that he acted with actual malice.

24.     The defamatory statements constitute defamation *per se* because they impute the commission of various crimes, including espionage and treason, and because they are obviously damaging to her fitness to perform her occupation as a patriotic, country music artist, and as a patriotic, conservative commentator for a company like PragerU.

25.     The defamatory statements have directly and proximately caused Ms. Wilkins to suffer significant damages, including damage to her reputation, humiliation, and embarrassment, the nature of which is ongoing and long-lasting. These damages were foreseeable and intended by Defendant.

26.     Defendant published the defamatory statements knowingly, intentionally, willfully, wantonly, and maliciously, with intent to harm Ms. Wilkins, or in blatant disregard for the substantial likelihood of causing her harm, thereby entitling Ms. Wilkins to an award of punitive damages.

27.     As a direct and proximate result of the misconduct of Defendant, Ms. Wilkins is entitled to compensatory, special, and punitive damages in the sum of $5,000,000, or such greater amount as is determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alexis Wilkins, respectfully requests this Court enter a judgment in her favor and grant relief against Defendant as follows:

a.     An award of compensatory, special, and punitive damages in excess of five million dollars ($5,000,000.00); and

b.      Such other and further relief as the Court deems just and appropriate

to protect Ms. Wilkins' rights and interests.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Dated: August 27, 2025                          ALEXIS WILKINS
                                                By Counsel


                                                Respectfully submitted,

                                                */s/ Jason C. Greaves*
                                                Jason C. Greaves
                                                (Texas Bar No. 24124953)
                                                Jared J. Roberts, *pro hac vice*
                                                *forthcoming*
                                                BINNALL LAW GROUP
                                                717 King Street, Suite 200
                                                Alexandria, Virginia 22314
                                                Phone: (703) 888-1943
                                                Fax: (703) 888-1930
                                                jason@binnall.com
                                                jared@binnall.com

                                                *Counsel for Plaintiff*
                                                *Alexis Wilkins*