**FILED**

July 17, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  DM

DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ALEXIS WILKINS,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Case No. 1:25-cv-1375** |
| | § | |
| **KYLE M. SERAPHIN,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Kyle M. Seraphin ("Defendant"), files this Answer to Plaintiff Alexis Wilkins's

("Plaintiff")  Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each

and every allegation contained in Plaintiffs' Original Complaint except for those expressly admitted

herein. In several instances, Defendant has identified statements in the Original Complaint that are

legal conclusions or non-factual statements rather than factual assertions. No response to such legal

conclusions or non-factual statements is required. However, if such response is required, Defendant

denies such legal conclusions and non-factual statements. The headings and numbered paragraphs

below directly correlate to the sections and numbered paragraphs of Plaintiffs' Complaint. Those

titles and headings are reproduced in this Answer for organizational purposes only, and Defendant

does not admit any matter contained in them. Defendants respond to the specifically numbered

allegations of the Complaint as follows:

## COMPLAINT

1.      Apart from dates that can be confirmed in the public record, Defendant is without information sufficient to form a belief as to the truth of the allegations made in Paragraph 1 and therefore denies them.

## PARTIES

2.      Admit.

3.      Admit.

## JURISDICTION AND VENUE

4.      Defendant denies that amount in controversy exceeds $75,000.

5.      Admit

6.      Admit.

## FACTUAL BACKGROUND

7.      Defendant lacks information to determine the Plaintiff's place of birth, relationship status, or associated timelines. To the extent public records exist to substantiate records of presidential appointments and Senate confirmations of Kashyap Patel, admit.

8.      Defendant admits only so much of Paragraph 8 of the Complaint that alleges the Defendant describes himself as a "Recovering FBI agent" who hosts the *Kyle Seraphin Show* on YouTube and Rumble, and that he has significant followers on X where posts reach "tens of thousands of views." Defendant denies the remainder of the allegations in Paragraph 8 of the Complaint.

9.    Defendant denies "soliciting donations via YouTube 'Super Thanks' contributions." To the extent the additional statements in Paragraph 9 require a response, admit.

10.    Admit.

11.    Defendant denies allegations the Plaintiff and FBI Director Kashyap Patel's relationship has been "public knowledge... since January 2023." In fact, Defendant met Mr. Patel in person on Monday, January 16, 2023 in Las Vegas NV. On that date, in the Aria Resort and Casino, Mr. Patel stated he was having a hard time finding a girl to date who wasn't a prostitute in front of two additional witnesses. Defendant denies the remaining allegations of paragraph 6 of the Complaint.

12.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph and reserves the right to raise all available affirmative defenses to Plaintiff's claims.

13.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies any allegations.

14.    Deny. Defendant has only met Kashyap Patel three times: Dec 18, 2022; Jan 16, 2023; and Nov 1, 2023. Defendant has never met Ms. Wilkins. Even if he had, he would have no way to determine her religion, citizenship, national allegiance, or employment status from a social meeting. Additionally, this paragraph contains legal conclusions to which no response is required.

15.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph and reserves the right to raise all available affirmative defenses to Plaintiff's claims.

## CAUSES OF ACTION

### COUNT I: Defamation and Defamation Per Se

16.     Defendant does not admit or deny this paragraph as no response is required.

17.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph.

18.     Deny. Defendant explicitly defined the term "honeypot" differently than the Complaint alleges.

19.     Deny. This Complaint's conflicting language quoting "former" and stating "is" (present tense) is full of internal disagreement. Plaintiff's claim is inconsistent throughout.

20.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required Defendant denies the allegation contained in this paragraph

21.     Deny, and this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph.

22.     Deny. Defendant was never an "FBI special agent assigned to the Counterterrorism Division." Additionally, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph.

23.     Admit. Plaintiff failed to request a correction, clarification, or retraction from Defendant as required by Tex. Civ. Prac. & Rem. Code §§ 73.051–.062. This Complaint was filed 5 days after the quoted episode of the *Kyle Seraphin Show* podcast aired. In fact, an associate of Ms. Wilkins and her attorneys, Toria Brooke (@realtoriaBrooke), clipped the exact section of the podcast the Complaint references and distributed it aggressively on social

media. This out-of-context clip received 1200% more impressions than the original podcast distribution. The Complaint was filed on the same day the Defendant issued corrections and clarifications to the quoted statements on a similar podcast with similar reach. Defendant is without information sufficient to form a belief as to the truth of remaining allegations made in this paragraph, and therefore denies them.

24.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegation contained in this paragraph.

25.     Defendant denies the allegations in this paragraph.

26.     Defendant denies the allegations in this paragraph.

27.     Defendant denies the allegations in this paragraph.

### PRAYER for RELIEF

28.     Defendant denies that Plaintiff is entitled to any relief

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

### AFFIRMATIVE AND OTHER DEFENSES

1.     This Court lacks subject matter jurisdiction over the Plaintiff's claims. Under 28 U.S.C. § 1332(a), federal diversity jurisdiction requires the matter in controversy to exceed the sum of value of $75,000, exclusive of interest and costs. On the face of the Complaint, Plaintiff's claims do not meet this minimum financial threshold. Therefore, this Court cannot exercise jurisdiction over this action.

2.      The statements were expressions of opinion, satire, or rhetorical hyperbole, not verifiable false assertions of fact. In political commentary and podcast context (especially from a former FBI agent discussing public officials), loose, figurative language like "honeypot" and speculation about motives is often protected speech. The court's denial of the motion to dismiss does not preclude this defense at later stages.

3.      Plaintiff is a Public Figure and Defendant did not act with Actual Malice. Plaintiff Alexis Wilkins is a public figure (or limited-purpose public figure) due to her high-profile relationship with FBI Director Kash Patel, her work as a country singer, her public commentary via personal podcast and PragerU contributor, public visibility exceeding 300,000 followers on social media platforms, and a publicized appearance fee of over $25,000. Plaintiff must prove actual malice (knowledge of falsity or reckless disregard for the truth) by clear and convincing evidence. Defendant lacked actual malice; he relied on publicly available information, prior online speculation, and his own observations in good faith.

4.      Plaintiff's prior public statements addressing similar rumors without pursuing legal action, or other conduct, waived or estops her from asserting claims based on these statements.

5.      Under First Amendment Protections (U.S. Const. amend. I) and Texas Constitution (Art. I, § 8), Plaintiff's claims are barred or limited by free speech protections. The statements concerned a matter of public concern involving a government official and were core protected speech.

Plaintiff's failure to request retraction/correction (Tex. Civ. Prac. & Rem. Code § 73.055 et seq.) Plaintiff is barred from recovering certain damages (or the claim may be limited) because she did not make a timely, sufficient written request for correction, clarification, or retraction before filing suit. Plaintiff made no such a request.

6.      Plaintiff failed to exercise reasonable care to avoid or minimize the alleged injury, including by failing to make a timely and sufficient request for correction, clarification, or retraction; failing reasonably to identify the supposedly false portions of the publication; declining a reasonable opportunity for correction or response; or otherwise allowing avoidable injury to continue. Any recovery must be reduced accordingly.

7.      The statements were privileged as fair comment or criticism on a matter of legitimate public interest/concern (the personal life and potential influences on a high-ranking federal official). Texas recognizes qualified privileges for good-faith commentary on public figures and public matters. Previous press coverage, broad social media discussion, and Plaintiff's own statements and interviews on the topic indicate the   matter is of legitimate public interest/concern.

8.      The statements (or their "gist") were substantially true. Minor inaccuracies do not defeat the defense if the overall thrust is accurate. Defendant may argue the core commentary on the relationship's timing, age difference, and public speculation reflected publicly available information or reasonable inference.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff, by and through her associate and agents (including Toria Brooke, who is associated with Plaintiff and her attorneys), engaged in inequitable, misleading, and bad-faith conduct directly related to the subject matter of this litigation. Specifically, an associate of Ms. Wilkins and her attorneys clipped the exact section of the podcast episode referenced in the Complaint and distributed it aggressively on social media in an out-of-context manner. This out-of-context clip received 1,200% more impressions than the original podcast distribution. This conduct occurred in close proximity to the filing of the Complaint, which was brought only five days after the episode aired and on the same day Defendant issued corrections and clarifications to the quoted statements on a similar podcast with comparable reach. Plaintiff made no timely written request for correction, clarification, or retraction as required by Tex. Civ. Prac. & Rem. Code §§ 73.051–.062 before filing suit. By actively amplifying and exploiting an out-of-context excerpt of the very statements she now claims are defamatory—while bypassing the statutory prerequisites designed to mitigate damages—Plaintiff comes before this Court with unclean hands. Equity will not aid a party who has engaged in such conduct in connection with the transaction or subject matter at issue. Plaintiff's inequitable conduct estops her from obtaining the relief sought.

10.      Defendant accurately and off-handedly reported third party allegations. Defendant accurately described an allegation and did not materially alter the gist made by third parties concerning a matter of public concern. Defendant further alleges, to the extent necessary, that the regularly published podcast constitutes an "other periodical" within Texas Civil Practice and Remedies Code § 73.005(b), and preserves any contention that the podcast also falls

DEFENDANT KYLE M. SERAPHIN'S ANSWER TO PLAINTIFF'S COMPLAINT

within the statute's reference to a broadcaster. Defendant not embellish or independently vouch for the accusation in an off-handed reference primarily focused on the subject of public interest: FBI Director Kash Patel. Contemporaneous screenshots of news-aggregating artificial intelligence (AI) summaries (Google Gemini) state the same information.

11.     Plaintiff  lacks causation and an independent source of harm. The reputational harm alleged by Plaintiff, if any, existed before the challenged episode or resulted from prior and independent statements, publications, conduct, or events for which Defendant is not legally responsible. Defendant did not originate the alleged claims, and Plaintiff may recover only for injury proximately caused by Defendant's own actionable publication. Social, print, and broadcast media extensively covered the topic spanning millions of views and impressions.

12.     Plaintiff cannot establish recoverable actual, special, presumed, or exemplary damages caused by Defendant. Presumed and exemplary damages are constitutionally unavailable absent the required showing of actual malice. Exemplary damages are additionally barred or limited by the Texas Defamation Mitigation Act and other applicable statutory and constitutional limitations. As a public figure or limited-purpose public figure, Plaintiff is unable to prove actual malice which defeats liability altogether for statements within the relevant public controversy.

13.     Defendant asserts that statements did not communicate any materially false, objectively verifiable assertion of fact. A reasonable listener considering the episode as a whole would not understand the challenged and quoted language in the defamatory sense alleged by Plaintiff.

14.     Defendant reserves the right to assert further affirmative defenses as they become

evident through discovery investigation.

Respectfully Submitted,

Dated: July 17, 2026

_____

Kyle M. Seraphin *(pro se)*
info@kyleseraphin.com
Phone: 737-900-1562
9073 W State Hwy 29
Ste 110, Box 509
Liberty Hill, TX 78642

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE upon all parties on this the 17th day of July, 2026.

_____

Kyle M. Seraphin *(pro se)*
info@kyleseraphin.com
Phone: 737-900-1562
9073 W State Hwy 29
Ste 110, Box 509
Liberty Hill, TX 78642